GARY S. BARTHEL, ESQ. (Bar No. 220206)
gbarthel@militarylawcenter.com
MILITARY LAW CENTER, INC.
2173 Salk Avenue Suite 250
Carlsbad, California 92008
TEL: 760.536.9038
FAX: 760.536.9010

Attorneys for Plaintiffs,
MICHAEL W. LAWLESS and
JUDITH LAWLESS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL W. LAWLESS and
JUDITH LAWLESS

                    Plaintiffs,

        vs.

UNITED STATES OF AMERICA,

                    Defendant(s).

CASE NO. **'15CV1518 CAB WVG**

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES UNDER THE FEDERAL TORT CLAIMS ACT (*28 USC §2671, et seq.*) FOR MEDICAL AND PROFESSIONAL NEGLIGENCE**

COMES NOW Plaintiffs, MICHAEL W. LAWLESS and JUDITH LAWLESS who complain and allege as follows:

### GENERAL ALLEGATIONS

1.     At all times herein mentioned the plaintiffs, MICHAEL W. LAWLESS and JUDITH LAWLESS, were and are residents of the County of San Diego, State of California and of the United States.

2.     Defendant UNITED STATES OF AMERICA, by and through the Department of the Navy, operates a health care facility known as the Naval Medical Center San Diego ("NMCSD") located at 34800 Bob Wilson Drive, San Diego, CA 92134.

3.     Defendant UNITED STATES OF AMERICA, by and through the Department of the Navy, operates the NMCSD which provides medical services to military personnel and

-1-

ORIGINAL

1    retirees.

2        4.       Defendant UNITED STATES OF AMERICA, by and through the Department

3    of the Navy, provides medical services by Defendant's employees and agents to include doctors,

4    and other hospital personnel over which it exercises control and supervision and has the right to

5    employ and discharge.

6        5.       The NMCSD medical personnel that provided medical services to Plaintiff,

7    MICHAEL W. LAWLESS were health care providers, practicing medicine at the NMCSD and

8    were employees and agents of the Defendant and acting within the scope of their office and

9    employment.

10       6.       This claim for damages arises out of medical treatment that occurred on or about

11   July 7, 2012, while Plaintiff MICHAEL W. LAWLESS was a patient at NMCSD.

12       7.       This claim is based on negligent medical treatment at NMCSD by its medical

13   personnel while Plaintiff MICHAEL W. LAWLESS was a patient being treated for a laceration

14   injury to the tip of his right third digit.

15       8.       This action arises under the Federal Tort Claims Act, 28 U.S.C. §§2671 et seq.

16   This Court is vested with jurisdiction pursuant to 28 U.S.C. 1346(b).

17       9.       Venue is proper pursuant to 28 U.S.C. 1391 (b) (2) as a substantial part of the

18   events or omissions giving rise to the claim occurred in this Judicial District.

19       10.      Prior to filing this complaint, on July 5, 2014, Plaintiff filed an SF-95 claim with

20   the Department of the Navy, Tort Claims Unit, Norfolk, Virginia.  On January 9, 2015, the

21   Department of the Navy denied Plaintiff's claim.

22                              **FIRST CAUSE OF ACTION**

23                              **MEDICAL NEGLIGENCE**

24       11.      Plaintiffs allege and incorporate herein by reference each and every allegation set

25   forth in the foregoing paragraphs as though fully set forth herein.

26       12.      That on or about July 7, 2012, Plaintiff MICHAEL W. LAWLESS went into the

27   Emergency Department at NMCSD with a laceration to the tip of his right third digit.

28       13.      That on or about July 7, 2012, Plaintiff MICHAEL W. LAWLESS came under the

-2-

ORIGINAL

1   care and treatment of medical personnel at the NMCSD.

2       14.     NMCSD medical personnel did not take any x-rays of the right third digit.  The

3   wound was cleaned and repaired wound using 11 sutures.  The sutured finger was covered with a

4   bandage and dressed with tubular gauze.  Then an additional self-adherent elastic wrap was

5   applied over the gauze.  Plaintiff was instructed to keep it clean and dry, watch for signs of

6   infection, and to return in 10-12 days for removal of the sutures.

7       15.     On or about July 10, 2012, Plaintiff MICHAEL W. LAWLESS felt pain in the

8   injured finger and removed the dressing.  His right third digit was swollen, bruised and felt hot.

9   Plaintiff returned to the Emergency Department, NMCSD.

10      16.     Photographs of Plaintiff MICHAEL W. LAWLESS'S finger were taken in the

11  Emergency Department and depicted the swollen and discolored right third digit.

12      17.     Plaintiff MICHAEL W. LAWLESS was referred to the NMCSD Plastic Surgery

13  Clinic where the finger was debrided.  Examination in the plastic surgery clinic showed motion at

14  the distal and proximal interphalangeal joint was limited due to swelling.  The swelling and

15  discoloration extended from the nail to the proximal interphalangeal joint (the area previously

16  covered by the dressing applied on or about July 7, 2015).  The assessment made by the plastic

17  surgery clinic was that the large tense bulae was secondary to the original dressing being too

18  tight.

19      18.     Plaintiff MICHAEL W. LAWLESS had follow-up treatment with NMCSD

20  orthopedic hand surgery, plastic surgery and occupational therapy.

21      19.     On or about July 22, 2012 two weeks after the initial injury, Plaintiff MICHAEL

22  W. LAWLESS was in the NMCSD orthopedic hand surgery clinic where an x-ray of his right

23  third digit showed a longitudinal split fracture of the distal tip of the right distal phalanx that

24  medical personnel failed to locate and diagnose on or about July 7, 2012.

25      20.     As a result of NMCSD medical personnel failing to immediately locate and treat

26  the fracture on the right third digit and wrapping the injured finger too tightly, Plaintiff

27  MICHAEL W. LAWLESS has been left with limitations in the range of motion of his right third

28  digit, numbness in the digit, a deformed nail and skin loss on the digit.

-3-

ORIGINAL

1  21.  At all times NMCSD medical personnel were responsible for providing reasonably
2  competent medical care to patients under their care.

3  22.  NMCSD medical personnel breached their duty to provide reasonably competent
4  medical care by, among other things, failing to provide competent and adequate medical staff,
5  failing to provide proper medical training to staff, failing to designate the appropriate medical
6  procedures and/or medical techniques to be used, failing to properly diagnose, and/or failing to
7  properly supply, select and/or maintain medical equipment.

8  23.  As a direct and proximate result of Defendant's breach of its duty of care to
9  Plaintiff MICHAEL W. LAWLESS, he was hurt and injured in his health, strength and activity,
10  sustaining serious and permanent injury to his person, all of which injuries have caused and
11  continue to cause him great suffering and damage.

12  24.  As a further and proximate result of the carelessness, negligence, and malpractice
13  of Defendant, Plaintiff MICHAEL W. LAWLESS has and continues to suffer great physical pain
14  and suffering and permanent disability all to her general damage in excess of $250,000.00.

15  ## SECOND CAUSE OF ACTION

16  ## FOR NEGLIGENCE UNDER RESPONDEAT SUPERIOR

17  25.  Plaintiffs allege and incorporate herein by reference each and every allegation set
18  forth in the foregoing paragraphs as though fully set forth herein.

19  26.  At all times, all members of the medical staff that treated Plaintiff MICHAEL W.
20  LAWLESS at the NMCSD, were employees or agents of the Defendant and at times material
21  were acting within the scope of their employment.

22  27.  On or about July 7, 2012, Plaintiff MICHAEL W. LAWLESS was treated by
23  NMCSD medical personnel for an injury to his right third digit. At that time, NMCSD medical
24  personnel failed to properly diagnosis and treat the injury by failing to take an x-ray of the right
25  third digit and by wrapping the wound improperly after Plaintiff received 11 sutures. NMCSD
26  medical personnel performed procedures that were inappropriate for the injury Plaintiff
27  MICHAEL W. LAWLESS suffered. The medical treatment was woefully deficient and grossly
28  negligent.

-4-

ORIGINAL

28.     NMCSD medical personnel and each of them affirmatively undertook and agreed to perform the necessary care and treatment of Plaintiff and affirmatively agreed to do all things proper in connection therewith and accordingly owed Plaintiff a duty to act with the necessary care, however, NMCSD medical personnel breached their duty of reasonable care to Plaintiff MICHAEL W. LAWLESS by, among other things, negligently and/or recklessly failing to test, diagnose, treat and/or care for Plaintiff.  The treatment rendered to Plaintiff MICHAEL W. LAWLESS was grossly negligent and below the standard of care.

29.     As a direct and proximate result of Defendant's breach of its duty of care by and through its employees and agents, Plaintiff MICHAEL W. LAWLESS was hurt and injured in his health, strength and activity sustaining serious and permanent injury to his person, all of which injuries have caused and continue to cause Plaintiff great suffering.

30.     As a further and direct and proximate cause of Defendant's employees and agents negligence, Plaintiff has suffered in the past and will suffer in the future and claims all damages allowed, including but not limited to, damages allowable and according to proof at trial.

**THIRD CAUSE OF ACTION**

**FOR LOSS OF CONSORTIUM**

31.     Plaintiffs allege and incorporate herein by reference each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

32.     As a further and proximate result of the carelessness, negligence and malpractice of the NMCSD medical personnel, Plaintiff JUDITH LAWLESS has suffered loss of care, comfort and society and will continue to in the future to suffer loss of care, comfort and society.

33.     Plaintiff JUDITH LAWLESS claims all damages according to proof at trial for which she is entitled for the loss of consortium, love, affection and services of her husband including, but not limited to, loss of consortium, companionship, affection and protection, loss of support and services, contributions in kind, loss of house hold services, and any and all elements of damages allowable under California law in an amount to be determined according to proof at trial.

///

-5-

1                              **PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiffs MICHAEL W. LAWLESS and JUDITH LAWLESS, pray for

3 judgment against Defendant, as follows:

4       1.     For general damages in excess of $250,000.00;

5       2.     For special damages including, but not limited to medical expenses, lost earnings,

6 and all incidental expenses according to proof;

7       3.     For damages caused by loss of consortium;

8       4.     For costs of suit incurred herein; and

9       5.     For such other and further relief as the Court may deem just and proper.

10

11 DATED:   July 9, 2015                   MILITARY LAW CENTER, INC.

12

13                                   By: _s/ *Gary S. Barthel*_
                                        GARY S. BARTHEL

14                                         Attorneys for Plaintiff
                                        MICHAEL W. LAWLESS and

15                                         JUDITH LAWLESS

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

ORIGINAL